ORIGINAL

# In the United States Court of Federal Claims

No. 03-2262

(Filed October 6, 2003)

FILED
OCT 6 2003
U.S. COURT OF FEDERAL CLAIMS

************************************
JOSEPH O. SALADINO, *
*
Petitioner, *
*
v. *
*
THE UNITED STATES, *
*
Respondent. *
************************************

**AMENDED ORDER**

On September 30, 2003, Joseph O. Saladino filed a "Motion for Leave to File" an "Application For Habeas Corpus Cum Causa Relief With A Motion To Notice Interested Parties" ("Application"), together with the Application.

The Application concerns income tax returns and amendments to income tax returns for Nancy E. Lloyd of North Carolina, in which deductions were sought on the basis of Title 26 U.S.C. § 212 and Title 26 U.S.C. § 1341. Mr. Saladino initiated the present action seeking several years of tax refunds on behalf of Miss Lloyd, and seeking to compel agency action "unlawfully withheld or unreasonably delayed." Application at 16. The Lloyd tax returns are attached to Mr. Saladino's filing. Mr. Saladino's "Brief in Support of Motion to Notice to Interested Parties" lists the State of North Carolina, through its attorney general, as the party to be noticed.

Initially it must be noted that the theory apparently underlying Mr. Saladino's filing, that the federal income tax does not reach compensation received for personal labor, *see* Application at 15-16, has been rejected by precedent binding on this Court. *Ledford v. United States*, 297 F.3d 1378, 1381-82 (Fed. Cir. 2002). Moreover, this

#4

Court does not possess habeas corpus jurisdiction to be exercised in the manner Mr. Saladino seeks. *Id.* at 1380-81.

However, the overriding problem with Mr. Saladino's filing is that he has no standing to assert a claim on behalf of Miss Lloyd. Mr. Saladino is not an attorney admitted to this Court's bar and cannot practice law in this Court by filing a suit on behalf of the taxpayer. RCFC 83.1.

Mr. Saladino has named himself as the petitioner in this matter. To the extent Mr. Saladino himself asserts an entitlement to a portion of any refund that might be awarded to the taxpayer, *see* Application at 17, any such assignment of the refund claim by the taxpayer to Mr. Saladino, prior to the allowance of the claim, would be invalid. 31 U.S.C. § 3727; *Wooten v. U.S.*, 114 Ct.Cl. 608, 86 F.Supp. 143 (1949); *cert. denied*, 339 U.S. 903 (1950); *Wall Industries v. U.S.*, 10 Ct.Cl. 82, 106 (1986). Therefore, Mr. Saladino would have no claim to the taxpayer's refund that he could assert in a complaint filed in this Court.

Accordingly, and for the foregoing reasons, it is **ORDERED** that Mr. Saladino's September 30, 2003 filings, including his motion to notice, and motion for leave to file, shall be **DISMISSED**. The clerk is directed to dismiss this case, with no costs assessed.

**VICTOR J. WOLSKI**
Judge